# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**GREGORY KINNARD,** *individually, and on behalf of himself and other similarly situated current and former employees as a collective class*,

Plaintiffs,

v.

**BLACK TIE MOVING, MEMPHIS, LP,**
**BLACK TIE MOVING, NASHVILLE, LLC,**
**BLACK TIE MOVING, LITTLE ROCK L.L.C.,**
**BLACK TIE MOVING, DENVER, LLC,**
**ELITE ENTERPRISES LLC,**
**BLACK TIE MOVING DELAWARE LLC,**
**BLACK TIE MOVING ARIZONA LLC,**
**BLACK TIE MOVING – BOSTON, LLC,**
**BLACK TIE MOVING OF SW FL LLC,**
**BLACK TIE MOVING ORLANDO, LLC,**
**BLACK TIE MOVING, CINCINNATI, LLC,**
**BLACK TIE MOVING, CLEVELAND, LLC,**
**BLACK TIE MOVING, COLUMBUS, LLC,**
**BLACK TIE MOVING SERVICES LLC,**
**BLACK TIE MANAGEMENT CO., LLC,**
**BLACK TIE MOVING, SAN ANTONIO, LLC,**
**BLACK TIE MOVING, AUSTIN, LLC,** and
**BLACK TIE MOVING SERIES A**
**LIMITED LIABILITY COMPANY,**

Defendants,

NO. _____

FLSA Opt-In Collective Action
**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Gregory Kinnard ("Plaintiff"), individually, and on behalf of himself and all other similarly situated nonexempt hourly-paid movers and drivers of Black Tie Moving, Memphis, LP, Black Tie Moving, Nashville, LLC, Black Tie Moving, Little Rock L.L.C., Black Tie Moving,

1

Denver, LLC, Elite Enterprises LLC, Black Tie Moving Delaware, LLC, Black Tie Moving Arizona LLC, Black Tie Moving – Boston, LLC, Black Tie Moving SW FL LLC, Black Tie Moving Orlando, LLC, Black Tie Moving, Cincinnati, LLC, Black Tie Moving, Cleveland, LLC, Black Tie Moving, Columbus, LLC, Black Tie Moving Services LLC, Black Tie Management Co., LLC, Black Tie Moving, San Antonio, LLC, Black Tie Moving, Austin, LLC and Black Tie Moving Series A Limited Liability Company ("Defendants") as a class, brings this collective action against Defendants and alleges as follows:

## I. INTRODUCTION

1. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and others employed by Defendants as nonexempt hourly-paid movers and drivers.

2. At all times material to this Collective Action, Plaintiff performed work for Defendants as a mover and driver.

## II. JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by and performed work for Defendants in this district during all times material herein. Moreover, Defendants' corporate headquarters is located in this district, Defendants regularly conducted and continue to conduct business in this district, and have engaged, and continue to engage, in the FLSA violations alleged herein in this district during all times material.

## III. CLASS DESCRIPTION

5. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action on behalf of himself and the following similarly situated individuals as follows:

   > All current and former nonexempt hourly-paid employees of Defendants (movers and/or drivers) who worked (or have worked) in such positions anywhere in the United States during the applicable limitation's period covered by this Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively "class members").[1]

## IV. PARTIES

6. Plaintiff Gregory Kinnard has been employed by Defendants as a nonexempt hourly-paid mover and driver within this district during the applicable statutory limitations' period herein. Plaintiff Kinnard's Consent to Join this Collective Action is attached hereto as *Exhibit A*.

7. Defendant Black Tie Moving, Memphis, LP, is a Texas Limited Partnership with its principal office located at 3245 Richland View Lane, Bartlett, Shelby County, Tennessee 38133-1806. Black Tie Moving, Memphis, LP can be served process through its registered agent: Cory Carpenter, 3245 Richland View Lane, Bartlett, Shelby County, Tennessee 38133-1806. Defendant Black Tie Moving, Memphis, LP has two (2) corporate headquarters in Tennessee located at 424 Church Street, Suite 2000, Nashville, Davidson County, Tennessee 37219 and 2095 Exeter Road, Germantown, Shelby County, Tennessee 38138. Upon information and belief, Black Tie Moving, Memphis, LP is the current parent and controlling entity of Black Tie Moving.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

8. Defendant Black Tie Moving, Nashville, LLC is a Tennessee limited liability company with its principal office located at 3728 Keystone Avenue, Nashville, Davidson County, Tennessee 37211-3321. Black Tie Moving, Nashville, LLC can be served process via its registered agent: James Dustin Black, 3728 Keystone Avenue, Nashville, Tennessee 37211-3321.

9. Defendant Black Tie Moving, Little Rock L.L.C., is a Tennessee limited liability company with its principal office located at 7525 Bartlett Corporate Drive, Suite 101, Memphis, Shelby County, Tennessee 38133. Black Tie Moving, Little Rock L.L.C. can be served process via its registered agent: United States Corporation Agents, Inc., 4295 Cromwell Road, Suite 308, Chattanooga, Tennessee 37421-2163.

10. Defendant Black Tie Moving, Denver, LLC is a Tennessee limited liability company with its principal office located at 3728 Keystone Avenue, Nashville, Davidson County, Tennessee 37211-3321. Black Tie Moving, Denver, LLC can be served process via its registered agent: James Dustin Black, 3728 Keystone Avenue, Nashville, Tennessee 37211-3321.

11. Defendant Elite Enterprises LLC is a Tennessee limited liability company with its principal office located at 718 Thompson Lane, Suite 108-404, Nashville, Davidson County, Tennessee 37204-3600. Elite Enterprises, LLC during the statutory period operated under the assumed name Black Tie Moving SWFL. Elite Enterprises, LLC can be served process via its registered agent: Joshua Randall Lykins, 718 Thompson Lane, Suite 108-404, Nashville, Tennessee 37204-3600.

12. Defendant Black Tie Moving Delaware LLC is a Tennessee limited liability company with its principal office located at 3728 Keystone Avenue, Nashville, Davidson County,

Tennessee 37211-3321. Black Tie Moving Delaware LLC can be served process via its registered agent: Byron Wolfe, 3728 Keystone Avenue, Nashville, Tennessee 37211-3321.

13. Defendant Black Tie Moving Arizona LLC is a Tennessee limited liability company with its principal office located at 3728 Keystone Avenue, Nashville, Davidson County, Tennessee 37211-3321. Black Tie Moving Arizona LLC can be served process via its registered agent: Byron Wolfe, 3728 Keystone Avenue, Nashville, Tennessee 37211-3321.

14. Defendant Black Tie Moving – Boston, LLC is a Tennessee limited liability company with its principal office located at 3728 Keystone Avenue, Nashville, Davidson County, Tennessee 37211-3321. Black Tie Moving – Boston, LLC can be served process via its registered agent: James Dustin Black, 3728 Keystone Avenue, Nashville, Tennessee 37211-3321.

15. Defendant Black Tie Moving of SW FL LLC is a Florida limited liability company with its principal office located at 11390 Palm Beach Boulevard, Suite 302, Fort Meyers, Florida 33905. Black Tie Moving of SW FL LLC can be served process via its registered agent: Edward Ciofani, 11390 Palm Beach Boulevard, Suite 302, Fort Meyers, Florida 33905.

16. Defendant Black Tie Moving of Orlando, LLC is a Florida limited liability company with its principal office located at 7901 4th Street North, St. Petersburg, Florida 33702. Black Tie Moving of Orlando, LLC can be served process via its registered agent: Northwest Registered Agent LLC, 7901 4th Street North, St. Petersburg, Florida 33702.

17. Defendant Black Tie Moving, Cincinnati, LLC is a Texas limited liability company with its principal office located at 900 Jackson Street, Suite 100, Dallas, Texas 75202. Black Tie Moving, Cincinnati, LLC can be served process via its registered agent: Timothy M.

Dortch at 900 Jackson Street, Suite 100, Dallas, Texas 75202 or James Dustin Black, its Officer and Director, at 7 Winged Foot Place, Brentwood, Tennessee 37027.

18. Defendant Black Tie Moving, Cleveland, LLC is a Texas limited liability company with its principal office located at 900 Jackson Street, Suite 100, Dallas, Texas 75202. Black Tie Moving, Cleveland, LLC can be served process via its registered agent: Timothy M. Dortch at 900 Jackson Street, Suite 100, Dallas, Texas 75202 or James Dustin Black, its Officer, at 7 Winged Foot Place, Brentwood, Tennessee 37027.

19. Defendant Black Tie Moving, Columbus, LLC is a Texas limited liability company with its principal office located at 900 Jackson Street, Suite 100, Dallas, Texas 75202. Black Tie Moving, Columbus, LLC can be served process via its registered agent: Timothy M. Dortch at 900 Jackson Street, Suite 100, Dallas, Texas 75202 or James Dustin Black, its Officer and Director, at 7 Winged Foot Place, Brentwood, Tennessee 37027.

20. Defendant Black Tie Moving Services LLC is a Texas limited liability company with its principal office located at 1000 W Crosby Road, Suite 114, Carrollton, Texas 75006. Black Tie Moving Services LLC can be served process via its registered agent: United States Corporation Agents, Inc., located at 9900 Spectrum Drive, Austin, Texas 78717 or James Dustin Black, its Officer and Director, at 7 Winged Foot Place, Brentwood, Tennessee 37027.

21. Defendant Black Tie Management Co., LLC is a Texas limited liability company with its principal office located at 7 Winged Foot Place, Brentwood, Tennessee 37027. Black Tie Management Co., LLC can be served process via its registered agent: James Dustin Black, 3759 Broadmoor Way, Frisco, Texas 75033.

22. Defendant Black Tie Moving, San Antonio, LLC is a Texas limited liability company with its principal office located at 900 Jackson Street, Suite 100, Dallas, Texas 75202. Black Tie Moving, San Antonio, LLC can be served process via its registered agent: Timothy M. Dortch at 900 Jackson Street, Suite 100, Dallas, Texas 75202 or James Dustin Black, its Officer and Director, at 7 Winged Foot Place, Brentwood, Tennessee 37027.

23. Defendant Black Tie Moving, Austin, LLC is a Texas limited liability company with its principal office located at 900 Jackson Street, Suite 100, Dallas, Texas 75202. Black Tie Moving, Austin, LLC can be served process via its registered agent: Timothy M. Dortch at 900 Jackson Street, Suite 100, Dallas, Texas 75202 or James Dustin Black, its Officer and Director, at 7 Winged Foot Place, Brentwood, Tennessee 37027.

24. Defendant Black Tie Moving Series A Limited Liability Company is a Kentucky limited liability company with its principal office located at 8119 La Grange road, Louisville, Kentucky 40222. Black Tie Moving Series A Limited Liability Company can be served process via its registered agent: Black Tie Moving A Series, 8119 La Grange road, Louisville, Kentucky 40222.

25. At all relevant times, Defendants have been associated with and/or so related with respect to Plaintiff and the class such that they are an integrated enterprise and/or "joint employer" of Plaintiffs and other class members in that, *inter alia*, they:

   a. Shared employees;

   b. Jointly shared the ability to hire, fire, and disciple employees;

   c. Jointly directed and supervised employee performance;

   d. Jointly shared the ability to affect compensation and benefits; and

   e. Have interrelated operations and share centralized control of labor relations.

26. Defendants were, in reality, one operation, with a common business purpose, that was divided into multiple corporate entities for business organization purposes and/or to support the fiction that they are not joint employers and/or an integrated enterprise.

## V. ALLEGATIONS

27. Defendants own and operate a moving, delivery and storage company that uses the trade name and does business as "Black Tie Moving."

28. Defendants claim to offer customers a luxury moving experience at an affordable price.

29. Defendants operate in Tennessee, Texas, Arizona, Arkansas, Florida, Kentucky Alabama, Georgia and Ohio.

30. Defendants' services include residential moves, commercial moves, storage, final mile delivery, and junk removal.

31. Plaintiff and those similarly situated operate Defendants' fleet of trucks and vans in the transportation of customers' items.

32. At all times material herein, Plaintiff and other similarly situated hourly-paid movers and drivers were assigned specific moving jobs each work day during which they drove to and from, and in between, different customers (jobs) in the transportation of customers' items.

33. Plaintiff and those similarly situated routinely worked forty (40) hours or more each week for Defendants during all times material, including the unpaid "off the clock" compensable time as described below.

34. Plaintiff and those similarly situated were paid only for the time a specific job (move) was started until completed.

35. However, Plaintiff and those similarly situated were required to report to work at a specific time and perform work-related tasks, attend meetings, and "wait" for their respective job

assignments for the day, prior to commuting to their first move/job. Plaintiff and those similarly situated were not paid for such time at the applicable FLSA overtime rates of pay.

36. Once Plaintiff and those similarly situated received their job assignments for each work day, they drove to their first assigned job. This time is uncompensated.

37. Typically, Plaintiff and those similarly situated were assigned two or more jobs (customer moves) each work day but were not paid for the "off the clock" travel time from one job to another at the applicable FLSA overtime rates of pay.

38. Each day, at the completion of their last assigned job, they drove back to Defendants' facility and completed "end of shift" tasks, but were not paid for such travel and work-related "end of shift" work.

39. Plaintiff and those similarly situated were not exempt from the payment of overtime compensation for all hours worked in excess of forty (40) per week at the applicable FLSA overtime rates of pay - during all times material herein.

40. Therefore, Plaintiff and those similarly situated are entitled to receive compensation from Defendants for all such unpaid "off the clock" time at the applicable FLSA overtime rates of pay - during all times material herein.

41. These claims are unified through a common theory of Defendant's FLSA violations.

42. Defendants have been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Collective Action Complaint.

43. Defendants were responsible for establishing and administering pay policies and practices, for Plaintiff and those similarly situated.

44. Defendants were aware they were not compensating Plaintiff and those similarly situated for all overtime hours worked in compliance with the FLSA – during all times material.

45. Defendants were aware they were not recording all the compensable work hours performed by Plaintiff and those similarly situated in compliance with the FLSA – during all times material.

46. Plaintiff and those similarly situated have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States during three (3) years preceding the filing of this lawsuit.

47. Defendants have been an integrated enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 - during all times material to this Collective Action.

48. Defendants have been subject to the pay requirements of the FLSA because they are an integrated enterprise in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce – during all times material.

49. Defendants are unable to bear their burden of showing Plaintiff and those similarly situated members are within any of the FLSA overtime exemptions.

50. Defendants' failure to pay Plaintiff and those similarly situated for all their compensable overtime hours of work was willful with reckless disregard to the clearly established overtime requirements of the FLSA.

51. Defendants' FLSA violations were not based on a good faith belief.

52. Defendants have enjoyed ill gained profits at the expense of Plaintiff and members of the collective class.

10

Case 3:22-cv-00719    Document 1    Filed 09/15/22    Page 10 of 15 PageID #: 10

## VI. COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings this action on behalf of himself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

54. Plaintiff's unpaid "off the clock" claims may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

55. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are more than five hundred (500) individuals in the class.

56. Plaintiff and other current and former hourly-paid movers and drivers are similarly situated because Defendants had a common plan and practice of depriving them of overtime compensation, as previously addressed.

57. Plaintiff and other current and former hourly-paid movers and drivers are similarly situated because their unpaid "off the clock" wage claims are united through a common theory of Defendants' FLSA statutory violations.

58. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the classes individually and include, but are not limited to, the following:

    - Whether Plaintiff and other members of the class were required to perform work for Defendants without compensation.

    - Whether Plaintiff and other members of the class were paid for all of the overtime hours they spent working for Defendants;

    - Whether Defendants misclassified Plaintiff and member of the class as exempt from overtime compensation under the FLSA;

- Whether Plaintiff and class members worked over forty (40) hours within weekly pay periods without receiving full overtime compensation for each such work week;

- The correct statutes of limitations for the claims of Plaintiff and members of the class;

- Whether Plaintiff and members of the class are entitled to damages, including, but not limited to liquidated damages, and the measure of such damages; and

- Whether Defendants are liable to Plaintiff and class members for interest, attorneys' interest, fees, and costs.

59. Plaintiff will fairly and adequately protect the interests of the class as his interests are aligned with those of the members of the class. Plaintiff has no interests adverse to class members, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

60. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for the members of the class to individually seek address for the wrongs done to them.

61. Plaintiff and the members of the class have suffered, and will continue to suffer, irreparable damage from the unlawful plans and practices implemented by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

62. Plaintiff, on behalf of himself, individually, and on behalf of himself and other members of the class, repeats and re-alleges Paragraphs 1 through 61 above as if they were set forth fully herein.

63. Defendants have had a common plan and practice of willfully failing to pay Plaintiff and class members for their work, wait and travel "off the clock" time within weekly pay periods at the applicable FLSA overtime rates of pay during all times material, as previously addressed.

64. Defendants acted willfully with reckless disregard to clearly established FLSA overtime requirements in their failure to pay Plaintiff and class members the applicable FLSA overtime rates of pay for all hours worked over forty (40) per week during all times material to this action.

65. As a result of Defendants' willful failure and lack of a good faith basis to compensate Plaintiff and class members at the applicable FLSA overtime rates of pay for all hours worked in excess of forty (40) per week, they have violated (and continue to violate) the FLSA, 29 U.S.C. § 255(a).

66. Due to Defendants' willful FLSA violations and lack of a good faith basis, as described above, Plaintiff and class members are entitled, and hereby seek, to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff, individually, and on behalf of himself and all other similarly situated class members request this Court to grant the following relief against Defendants:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this

action and permitting such members to assert timely FLSA claims in this action by filing individual opt-in consents under 29 U.S.C. § 216(b);

B.     An award of compensation for unpaid overtime to Plaintiff and other members of the class.

C.     An award of liquidated damages to Plaintiff and other members of the class;

D.     An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E.     An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F.     A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G.     Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated: September 15, 2022.	Respectfully Submitted,

*/s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for Named Plaintiff, on behalf of himself and all other similarly situated current and former employees*